1 | JERRY K. CIMMET, SBN 33731
cimmet@att.net
2 | Attorney at Law
177 Bovet Road, Suite 600
3 | San Mateo, CA 94402
Tel:    (650) 866-4700
4 | Fax:    (650) 866-4770

5 | Attorney for Plaintiff SANDRA GREEN
and the Proposed Class

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**     **MMC**

10 | SANDRA GREEN,                                ) CASE NO.

11 |                                              )   **C 07 5073**
                                                 )
12 |                    Plaintiff,               )
                                                 )
13 |              vs.                             )
                                                 )
14 | HITACHI AMERICA, LTD.; HITACHI,             ) **CLASS ACTION COMPLAINT**
    LTD.;                                        )
15 | HITACHI ELECTRONIC DEVICES USA;            )
    HYNIX SEMICONDUCTOR AMERICA,                 ) **DEMAND FOR JURY TRIAL**
16 | INC.; HYNIX SEMICONDUCTOR, INC.;           )
    LEXAR MEDIA, INC.; MICRON                    )
17 | TECHNOLOGY, INC.; MICRON                    )
    SEMICONDUCTOR PRODUCTS, INC.;                )
18 | MITSUBISHI ELECTRIC CORPORATION;           )
    MITSUBISHI ELECTRIC AND                      )
19 | ELECTRONICS USA, INC.; MOSEL               )
    VITELIC CORPORATION; MOSEL                   )
20 | VITELIC, INC.; RENESAS TECHNOLOGY          )
    CORPORATION; RENESAS TECHNOLOGY              )
21 | AMERICA, INC.; SAMSUNG                      )
    SEMICONDUCTOR, INC.; SAMSUNG                 )
22 | ELECTRONICS COMPANY, LTD.;                 )
    TOSHIBA CORPORATION; TOSHIBA                 )
23 | AMERICA, INC.; TOSHIBA AMERICA            )
    ELECTRONIC COMPONENTS, INC.;                 )
24 | WINBOND ELECTRONICS                        )
    CORPORATION; WINBOND                         )
25 | ELECTRONICS CORPORATION                    )
    AMERICA, INC.                                )
26 |                                             )
                   Defendants.                   )
27 | _____

28

Class Action Complaint

Plaintiff, by her attorney, brings this civil action for damages and injunctive relief on behalf of herself and others similarly situated against the above named Defendants.  Plaintiff alleges the Defendants violated the antitrust laws of the United States by conspiring to raise, fix, maintain and/or stabilize the price of Flash Memory sold in the United States during the relevant time period defined below.

## I.     JURISDICTION AND VENUE

1.     Pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, this complaint is filed seeking injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Plaintiff and the Class also seek damages for violations of state antitrust and consumer protection laws.  Plaintiff and all others similarly situated seek to recover the costs of suit, including reasonable attorneys' fees, for the injuries sustained as a result of the Defendants' violations.

2.     This Court's jurisdiction is based on 28 U.S.C. §§ 1331 and 1337.  In addition, the Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because those claims are so tied to the federal claim they form part of the same case or controversy.  The Court also has jurisdiction over the state law claims under 28 U.S.C. § 1332 because the amount in controversy for the Class exceeds $5,000,000 and there are members of the Class who are citizens of different states.

3.     Pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391, venue is proper in this District because Defendants reside, transact business, or are found within the District.  Venue also is proper in this District because a substantial part of the events giving rise to the claims arose in the District.

4.     The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did, have a major effect on the foreign and interstate commerce of the United States.

## II.     NATURE OF THE ACTION

5.     This lawsuit is brought by Plaintiff as a Class Action on behalf of persons and entities that purchased Flash Memory INDIRECTLY from Defendants, their subsidiaries, agents, or co-conspirators during the period from at least January 1, 1999 through the present ("Class Period").

6.     Defendants are described as the top manufacturers of Flash Memory in the world. As named herein, several of the Defendants also produce other memory products, including Dynamic

Class Action Complaint

2

Random Access Memory ("DRAM"), and Static Random Access Memory (SRAM"), which are the subject of criminal and civil antitrust investigations.

7.    What makes Flash Memory unique is that it is non-volatile, meaning that it does not need continuous power to maintain the information stored on the chip.  Primarily used in memory cards, Flash Memory also can be electronically erased and reprogrammed.  In addition to memory cards, it is used in digital cameras, digital audio players, mobile phones and video game consoles. Because it costs far less than competing forms of memory, Flash Memory has become the dominant technology wherever a significant amount of non-volatile, solid-state storage is needed.  As a stand-alone product, it has broad applications with respect to memory cards, storage devices and portable electronic products.  Flash Memory is distinct from SRAM and DRAM because it does not need continuous power to store data.

8.    The term "Flash Memory" means all types of Flash Memory sold during the Class Period, including AND, Not AND ("NAND"), and Not OR ("NOR") technologies.

9.    The collusive behavior during the Class Period by Defendants artificially inflated the price of Flash Memory as Defendants participated in cartel-like behavior to fix the prices of Flash Memory products.  Defendants' unlawful conduct and conspiracy caused Plaintiff and Class members to pay inflated prices for Flash Memory.  Plaintiff and other members of the Class who purchased these products have been damaged by Defendants' illegal conduct.

### III.    PARTIES

**A.    Plaintiff**

10.    **SANDRA GREEN** resides in the State of Rhode Island and depends on Flash Memory for her livelihood as well as for her personal use and enjoyment of computer and camera equipment.  She purchased Flash Memory indirectly from one or more of the Defendants during the Class Period and was injured as a result of the Defendants' illegal conduct and behavior.

**B.    Defendants**

11.    Defendant **HITACHI AMERICA, LTD**. is incorporated in the State of New York with its principal place of business at 50 Prospect Avenue, Tarrytown, New York 10591.  It is a wholly owned subsidiary of Defendant Hitachi Ltd. During the Class Period, Hitachi America, Ltd.

Class Action Complaint

3

sold and distributed Flash Memory to customers throughout the United States.

12.     Defendant **HITACHI, LTD**. is a business entity organized under the laws of Japan with its principal place of business at 6-1 Marunoyuchi Center Building 13F Chiyodaku, Tokyo, 100-8220, Japan.  During the Class Period, Hitachi, Ltd. sold and distributed Flash Memory to customers throughout the United States.

13.     Defendant **HITACHI ELECTRONIC DEVICES USA** is incorporated in the State of Delaware with its principal place of business at 575 Mauldin Road, Greenville, South Carolina 29607. It is a wholly owned subsidiary of Defendant Hitachi, Ltd. During the Class Period, Hitachi Electronic Devices USA sold and distributed Flash Memory to customers throughout the United States.  Defendants Hitachi America, Ltd., Hitachi, Ltd., and Hitachi Electronic Devices USA, Inc. are referred to collectively herein as "Hitachi."

14.     Defendant **HYNIX SEMICONDUCTOR AMERICA, INC.** is incorporated in the State of California with its principal place of business at 3101 North First Street, San Jose, California, 95134.  It is a wholly owned subsidiary of Defendant Hynix Semiconductor, Inc.  During the Class Period, Hynix Semiconductor America, Inc. sold and distributed Flash Memory to customers throughout the United States.

15.     Defendant **HYNIX SEMICONDUCTOR, INC.** is a business entity organized under the laws of South Korea with its principal place of business at SAN 136-1, Ami-Ri Bubal-eub, Icheon-si, Kyoungki-do, South Korea, 467-701.  During the Class Period, Hynix Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United States.  Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix."

16.     Defendant **LEXAR MEDIA, INC.** is incorporated in the State of Delaware with its principal place of business at 47300 Bayside Parkway, Fremont, California, 94538.  During the Class Period, Lexar Media, Inc. sold and distributed Flash Memory to customers throughout the United States.  In March, 2006 Defendant Micron Technology, Inc. acquired Lexar Media, Inc., in a deal valued at $688 million in stock..  Defendant Lexar Media, Inc. is referred to herein as "Lexar."

17.     Defendant **MICRON TECHNOLOGY, INC.** is incorporated in the State of

Class Action Complaint

4

Delaware with its principal place of business at 8000 South Federal Way, Boise, Idaho, 83716. During the Class Period, Micron Technology, Inc. sold and distributed Flash Memory throughout the United States.

18.    Defendant **MICRON SEMICONDUCTOR PRODUCTS, INC.** is incorporated in the State of Delaware with its principal place of business at 8000 South Federal Way, Boise, Idaho, 83716. It is a wholly owned subsidiary of Defendant Micron Technology, Inc.  During the Class Period, Micron Semiconductor Products, Inc. sold and distributed Flash Memory to customers throughout the United States.  Micron Technology, Inc., and Micron Semiconductor Products, Inc. are referred to collectively herein as "Micron."

19.    Defendant **MITSUBISHI ELECTRIC CORPORATION**, is a business entity organized under the laws of Japan with its principal place of business at Tokyo Building 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.  During the Class Period, Mitsubishi Electric Corporation sold and distributed Flash Memory to customers throughout the United States.

20.    Defendant **MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC**., is incorporated in the State of Delaware with its principal place of business at 500 Corporate Wood Parkway, Vernon Hills, Illinois 60061.  It is a wholly owned subsidiary of Mitsubishi Electric Corporation. During the Class Period, Mitsubishi Electric and Electronics USA, Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics USA, Inc. are referred to collectively herein as "Mitsubishi."

21.    Defendant **MOSEL VITELIC CORPORATION**, is incorporated in the State of California with its principal place of business at 3910 North First Street, San Jose, California 95134. It is a wholly owned subsidiary of Mosel Vitelic. Inc.  During the Class Period, Mosel Vitelic Corporation sold and distributed Flash Memory to customers throughout the United States.

22.    Defendant **MOSEL VITELIC, INC**. is a business entity organized under the laws of Taiwan with its principal place of business at No. 19 Li Hsin Road, Science-Based Industrial Park, Hsinchu, Taiwan. During the Class Period, Mosel Vitelic, Inc. sold and distributed Flash Memory to customers throughout the United States.  Defendants Mosel Vitelic Corporation and Mosel Vitelic,

Class Action Complaint

5

Inc., are referred collectively herein as "Mosel."

23.    Defendant **RENESAS TECHNOLOGY CORPORATION** is a business entity organized under the laws of Japan with its principal place of business at Marunouchi Building, 4-1, Marunouchi 2-chrome, Chiyoda-ku, Tokyo, 100-6334, Japan.  Renesas Technology Corporation was established April 1, 2003 as a joint venture of Hitachi and Mitsubishi.  During the Class Period, Renesas Technology Corporation sold and distributed Flash Memory to customers throughout the United States.

24.    Defendant **RENESAS TECHNOLOGY AMERICA, INC.** is incorporated in the State of Delaware corporation with its principal place of business at 450 Holger Way, San Jose, California, 95134. It is a wholly owned subsidiary of Renesas Technology Corporation.  During the Class Period, Renesas Technology America, Inc. sold and distributed Flash Memory to customers throughout the United States.  Defendants Renesas Technology Corporation and Renesas Technology America, Inc. are referred to collectively herein as "Renesas."

25.    Defendant **SAMSUNG SEMICONDUCTOR, INC.** is incorporated in the State of California with its principal place of business at 3655 North First Street, San Jose, California, 95134. It is a wholly owned subsidiary of Samsung Electronics Co. Ltd. During the Class Period, Samsung Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United States.

26.    Defendant **SAMSUNG ELECTRONICS COMPANY, LTD.** is a business entity organized under the laws of South Korea with its principal place of business at Samsung Main Building, 250-2 ga, Taepyung-ro, Chung-gu, Seoul, Korea.  During the Class Period, Samsung Electronics Company, Ltd. sold and distributed Flash Memory to customers throughout the United States.  Samsung Electronics Company, Ltd. and Samsung Semiconductor, Inc. are referred to collectively herein as "Samsung."

27.    Defendant **TOSHIBA CORPORATION** is a business entity organized under the laws of Japan with its principal place of business at 1-1 Shibaura, 1-chrome Minato-ku, Tokyo, 105-8001, Japan.  During the Class Period, Toshiba Corporation sold and distributed Flash Memory to customers throughout the United States.

28.    Defendant **TOSHIBA AMERICA INC.** is incorporated in the State of Delaware with

Class Action Complaint

6

its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York, 10020. It is a wholly owned subsidiary of Toshiba Corporation. During the Class Period, Toshiba America Inc. sold and distributed Flash Memory to customers throughout the United States.

29.     Defendant **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.** is incorporated in the State of California with its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, California, 92612. It is a wholly owned subsidiary of Toshiba Corporation. During the Class Period, Toshiba America Electronic Components, Inc. sold and distributed Flash Memory to customers throughout the United States. Toshiba Corporation, Toshiba America Inc. and Toshiba America Electronic Components, Inc. are referred to collectively herein as "Toshiba."

30.     Defendant **WINBOND ELECTRONICS CORPORATION** is a business entity organized under the laws of Taiwan with its headquarters at No. 4 Creation Road 3, Science-Based Industrial Park, Hsinchu, 300, Taiwan. During the Class Period, Winbond Electronics Corporation sold and distributed Flash Memory to customers throughout the United States.

31.     Defendant **WINBOND ELECTRONICS CORPORATION AMERICA, INC.** is incorporated in the State of Delaware with its principal place of business at 2727 North First Street, San Jose, California, 95135. It is a wholly owned subsidiary of Winbond Electronics Corporation. During the Class Period, Winbond Electronics Corporation America, Inc., sold and distributed Flash memory to customers throughout the United States. Defendants Winbond Electronics Corporation and Winbond Electronics Corporation America, Inc. are referred to collectively herein as "Winbond."

## IV.     AGENTS AND CO-CONSPIRATORS

32.     Each Defendant, at all relevant times, was and is the agent of each of the other Defendants and in doing the acts alleged herein, was acting within the course and scope of such agency. Each Defendant ratified, endorsed and/or authorized the wrongful acts of each of the Defendants.

33.     Certain other persons, firms, corporations and entities have participated as co-conspirators with Defendants in the violations and conspiracies alleged herein. In order to engage in the offenses charged and violations alleged herein, these co-conspirators performed acts and made

Class Action Complaint

7

statements in furtherance of the antitrust violations and conspiracies alleged herein.

34.     Defendants, and each of them, have participated as members of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged herein, and have performed acts and made statements in furtherance of the violations and conspiracy.  Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes, and transactions alleged herein.

**V.     UNNAMED PARTICIPANTS**

35.     A number of persons and entities actively participated as co-conspirators with the Defendants during the course of and in furtherance of the price-fixing scheme herein alleged.  Many acts were done in the course of and in furtherance of the conspiracy by statements, conduct, and intent to defraud.  The individuals and entities acted in concert by joint ventures and by acting as agents for principals to advance and promote the conspiratorial objectives.

**VI.     TRADE AND PRODUCT**

36.     The market for the manufacture and sale of Flash Memory is difficult to enter because of high manufacturing and technological barriers.  Efficient fabrication plants are large and expensive. In addition, Flash Memory is subject to technological advances, so that firms within the industry must undertake significant research and development expenses.  All of this plays a role in limiting the number of suppliers in the industry.

37.     In addition, Flash Memory is a homogeneous product sold by Defendants and purchased by Plaintiff and members of the Class primarily on the basis of price.

38.     Manufacturers of electronic devices, and resellers of Flash Memory components, purchase Flash Memory directly or indirectly from the Defendants.  These electronic devices and Flash Memory components are then sold to consumers, directly or indirectly.

39.     Defendants sell Flash Memory through various channels, including to manufacturers of electronic products and devices, and to resellers or vendors of products containing Flash Memory. These electronic products and devices are then sold to consumers, directly or indirectly, and are not altered during the course of sale.

40.     The largest market in the world for Flash Memory is California.  California is also the

Class Action Complaint

worldwide center of the high technology industry and other industries that depend upon Flash Memory.  On a regular and continuous basis, statements concerning the prices and market conditions for Flash Memory were disseminated by Defendants from and into California.

## VII.    MARKET AND COMMERCE

41.    Defendants and their co-conspirators engaged in the business of marketing and selling Flash Memory in the United States during the Class Period, with sales in the billions of dollars.  The market for Flash Memory is large and growing, with worldwide revenues in excess of $12 billion in 2006 alone.

42.    The Flash Memory market is oligopolistic in nature with Defendant Samsung the market leader followed by Defendants Toshiba, Hynix, Renesas, and Micron.  According to the iSuppli website, these five defendants controlled about 95% of the market in 2005.

43.    The market for the manufacture and sale of Flash Memory is conducive to the type of collusive activity that is the subject of this complaint.

## VIII.    CLASS ACTION ALLEGATIONS

44.    Plaintiff bring this action on behalf of herself and on behalf of the following Class in accordance with Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

All persons and entities currently residing in the United States who, from January 1, 1999 through the present, purchased Flash Memory in the United States.  Specifically excluded from this Class are the Defendants; their parents, predecessors, successors, subsidiaries, units, divisions, employees, officers, directors; co-conspirators; government entities; and any and all judges and justices (and members of their immediate families) assigned to hear any aspect of this case.

45.    Under Rule 23 of the  Federal Rules of Civil Procedure this action is appropriate for class treatment for the following reasons:

a.    Although Plaintiff does not know the exact number of Class members, since such information is the exclusive control of Defendants and agents, Plaintiff believes that due to the nature of the trade and commerce involved Class members are sufficiently numerous, most likely hundreds of thousands of

Class Action Complaint

1    purchasers, and geographically dispersed throughout the United States such that

2    joinder of all Class members is impracticable.  The information as to the

3    identity of the Class members can be readily determined from records

4    maintained by Defendants and their agents.

5    b.    The Class is ascertainable and there is a defined community of interest among

6    Class members;

7    c.    Plaintiff's claims are typical of the claims of the Class in that Plaintiff is a

8    purchaser of Flash Memory in the United States, and all Class members were

9    damaged in the same manner by the same wrongful conduct of Defendants and

10    their co-conspirators as alleged herein, and the relief sought is common to the

11    Class.

12    46.    Numerous questions of law and fact that are common to the Class arise from

13    Defendants' anti-competitive conduct.  Among these common questions of law and fact are:

14    a.    Whether Defendants engaged in a contract, combination or conspiracy among

15    themselves and/or their co-conspirators to raise, fix, maintain, peg or stabilize

16    the prices of Flash Memory  sold in the United States;

17    b.    Whether Defendants engaged in a contract, combination or conspiracy among

18    themselves and/or their co-conspirators to allocate the market for Flash

19    Memory;

20    c.    What are the identities of the co-conspirators;

21    d.    The duration of the conspiracy and the nature and character of the acts done in

22    furtherance of the conspiracy;

23    e.    Whether Defendants actively concealed the contract, combination or conspiracy

24    from Plaintiff and other Class members;

25    f.    Whether the conspiracy violated Section 1 of the Sherman Act;

26    g.    Whether the conduct of the Defendants constitutes a violation of California

27    Business and Professions Code sections 16720 and 17200;

28    h.    Whether Defendants' conduct constitutes a violation of the antitrust, unfair

Class Action Complaint

competition, and common laws of the states as alleged in the Fourth Claim for Relief below;

    i    Whether the conduct of Defendants and their co-conspirators caused prices of Flash Memory to be artificially inflated to non-competitive levels; and

    j.    Whether Plaintiff and other members of the Class were injured by the conduct of Defendants and their co-conspirators and, if so, the appropriate class-wide measure of damages and appropriate injunctive relief.

These common questions of law and fact are common to the Class, and predominate over any other questions affecting only individual Class members.

47.    Plaintiff will fairly and adequately represent the interests of the Class in that Plaintiff is a typical business and/or personal use purchaser of Flash Memory and has no conflicts with any other member of the Class.  Furthermore, Plaintiff has retained competent counsel experienced in complex and class action litigation.

48.    This Class Action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

49.    Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

50.    Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

51.    Defendants will be unjustly enriched because they will be able to retain the benefits of their wrongful conduct, unless the Class procedure is used.

52.    The claims in this case are properly certifiable under the laws of the State of California, and of other individual states.

## IX.    FACTUAL ALLEGATIONS

**A.    Background of Chips**

53.    Flash Memory is a type of electronic memory chip that retains its data when the power is turned off.  It can be electronically erased and reprogrammed without being removed from the

Class Action Complaint

11

circuit board. Flash Memory is produced in the form of an integrated chip that can be used in different applications. These include, among other things, digital cameras, memory cards, digital audio players, mobile phones, video game consoles, USB storage devices, fax machines and personal computers. Examples of Flash Memory include:

     a.     CompactFlash (most often found in digital cameras);

     b.     SmartMedia (digital cameras);

     c.     Memory Stick (digital cameras);

     d.     A computer's BIOS chip;

     e.     PCMCIA Type I and Type II memory cards;

     f.     Video game console memory cards;

     g.     iPod and Shuffle music players (NAND Flash Memory chips to store songs);

     h.     iPhone.

**B.    Stand Alone Product**

54.    Flash Memory is not part or subsumed within another product. It is a stand alone project that when purchased by a consumer, the consumer is typically buying the product itself – not another product of which Flash Memory is a component. For that reason, determination of the amount by which plaintiff and the Class sustained antitrust damages is not complicated by the need to determine the extent to which Defendants' price-fixing conduct inflated the price of various components – one need only examine the extent to which Flash Memory prices were inflated.

**C.    Storage Applications**

55.    Flash Memory is usually used for the task of secondary storage or long-term persistent storage. The most widely used primary storage is a volatile form of RAM, meaning when the computer is shut down, anything contained in RAM is lost. Non-volatile Flash Memory is computer memory that can retain the stored information even when not powered.

**D.    Types of Flash Memory**

56.    NOR and NAND are the two main types of nonvolatile memory chips currently used in electronic devices to retain data when power is switched off. NOR chips excel at reading data at high speed, making them suitable for running software in cell phones, while NAND chips, mostly used in

Class Action Complaint

digital cameras and music players, write data at high speed and generally have greater storage capacity.

### E.     Defendants' Access to Monitoring Pricing

57.     There are a number of industry trade organizations that have provided Defendants ample opportunities to participate in Flash Memory cartel activities.  For example, all of the Defendants are members of the Joint Electron Device Engineering Council ("JEDEC") Solid State Technology Association, a standard-setting organization which over the years has held dozens of general membership meetings and regional meetings across the world.  In addition, Hynix and Micron are among the founding members of the Open NAND Flash Interface group, the purpose of which is to meet and discuss standards and production of NAND Flash Memory products.  Among the other members of the group are Micron, Hitachi and Winbond.

58.     Defendants had numerous opportunities to meet over the years to conduct cartel activities at various electronics conventions and other industry meetings and expos across the world.  For example, Hitachi, Lexar, Mitsubishi, Renesas, Samsung, Toshiba and Winbond, or their affiliates, are members of the CompactFlash Association which was founded in 1995 as "a non-profit, mutual-benefit" association to promote various forms of flash memory.  Since its founding, CompactFlash members have met in Japan, Germany, the United Kingdom and the United States.

59.     Members first got together in New Orleans in February 1997 at PMA 97.  PMA, or Photo Marketing Association, conducts international photo industry expos annually.

60.     Other CompactFlash meetings and presentations have been held every year since 1998 at the Consumer Electronics Show in Las Vegas, annual PMA shows in New Orleans, Orlando, Florida and Las Vegas, Photokina shows in Germany, and World PC Expos in Tokyo.

61.     The September 7, 1999 World PC Expo '99 in Tokyo was typical of the meetings.  There were special meetings, dinners and other activities at the Expo that could translate into cartel actions.  In addition, the sponsor of the Expo proclaimed in a news release:

> *Networking opportunities will also be promoted for overseas exhibiting companies by holding an International Business Partnership Party where company representatives can meet with Japanese buyers and an International Business Seminar that will*

Class Action Complaint

13

*examine IT industry/market trends in China, India and Taiwan. Most overseas exhibiting companies see the EXPO as a chance to meet potential business partners in Asian markets, including the vast emerging market in China."*

62.    In addition, the structure of the market allowed Defendants to maintain and enforce their cartel using methods such as price signaling. On March 20, 2006, Hynix warned investors that the prices of NAND Flash Memory could fall as much as 50% for the year. The next day, Samsung publicly announced that prices would recover and stabilize. As of August 2006, Flash Memory prices had stabilized, in part, as a result of reduced inventory from manufacturers. "Apple to spur NAND Flash Market, firm says," *Electronic News*, August 9, 2006.

63.    One commentator, Gartner, Inc. analyst Richard Gordon, noted the pervasiveness of cartel activity among the Defendants and others within the overall semiconductor industry. He said: "If the DOJ wanted to, it could just go down every line in the semiconductor industry and find the same issue. That's because there are a relatively few number of suppliers in the chip industry and an open flow of communication between competitors and customers, who may not define price fixing the same way the DOJ does." (See http://blog.tmcnet.com/regulations/enforcement/doj-subpoenas-go-to-amd-nvidia-antitrust-violations-eyed.asp)

64.    Another price monitoring avenue is the Internet. Certain websites, such as DRAMeXchange (found at http://www.dramexchange.com), allow Defendants to track each other's Flash Memory prices as well.

65.    The locations of the headquarters of several of the defendants also provided unlimited opportunities for those Defendants to participate in Flash Memory cartel activities. For example, five Defendants – Renesas Technology America, Inc.; Hynix Semiconductor America, Inc.; Mosel Vitelic Corporation; Samsung Semiconductor, Inc.; and Winbond Electronics Corporation America, Inc. – are located in San Jose, California. Four of the five are within blocks of each other on the same street:

·    Hynix Semiconductor America, Inc., 3101 North First Street

·    Mosel Vitelic Corporation, 3910 North First Street

·    Samsung Semiconductor, Inc., 3655 North First Street

Class Action Complaint

14

Winbond Electronics Corporation America, Inc., 2727 North First Street

66.     The fifth Defendant in San Jose, Renesas Technology America, Inc., is located nearby, at 450 Holger Way.  In addition, Defendants Mosel Vitelic, Inc. and Winbond Electronics Corporation are located in the same technology park, Science-Based Industrial Park, in Hsinchu, Taiwan.

67.     In Silicon Valley, the power scene is in the private dinning rooms and banquet rooms at Birk's Restaurant, 3955 Freedom Circle, Santa Clara, California.  Birk's is the quintessential gathering place for the top executives in Silicon Valley, including those from firms in the North First Street corridor of San Jose (a quick trip away) and those visiting from overseas.  Various Defendants and co-conspirators met at least once at Birk's during the class period to carry out their cartel activities.  This included discussions on Flash Memory prices, subsequent agreements on fixing prices, and agreements on the methods of monitoring and enforcing the agreed-upon prices and markets.

68.     All the above access to monitoring prices allowed Defendants to communicate with each other about their intended prices for Flash memory as early as 1999 and they continued to do so throughout the class period.  These conversations were not the sharing of publicly available information, but rather the pattern seen in the DRAM and SRAM markets with Defendants contacting each other prior to price moves and collecting competitive information.  This information sharing was intended to, and, in fact did, cause the price of Flash Memory to be stabilized and/or artificially inflated in violation of antitrust laws.

**F.     Industry Pricing For Flash Memory**

69.     During the Class Period, prices for Flash Memory have been maintained at supra-competitive levels as a result of Defendants' cartel activities.  Prior to 1999, the average selling price for all Flash Memory was at a decline.  Beginning in 2000, and continuing through the first quarter of 2001, the aggregate average price of Flash Memory stabilized and then increased.

70.     Flash Memory prices began to somewhat decline at the end of 2001 and the cartel created by Defendants operated quickly to palliate those declines so that prices were still at supra-competitive levels.  The collusive behavior of Defendants still continues and has had the effect of keeping prices at supra-competitive levels.

**G.     Department of Justice Investigations**

Class Action Complaint

15

71.     The average price trends in the Flash Memory industry are similar to contemporaneous price movements in the DRAM market. The pricing of DRAM and the behavior of participants in the DRAM market during this period is currently the subject of a price-fixing investigation by the antitrust Division of the U.S. Department of Justice ("DOJ"). Several of the Defendants named in this complaint are either currently the subject of the DRAM investigation or have pleaded guilty to price-fixing charges in the DRAM matter. Samsung was fined $300 million by the U.S. government in October, 2005 for participating in DRAM price-fixing. In addition, Samsung and some of the other Defendants are under investigation by the DOJ for fixing the prices of SRAM. The agents and employees of Samsung, Hynix, and Micron implicated in the DRAM price-fixing conspiracy are the same agents and employees that are responsible for pricing SRAM and Flash Memory. Samsung and Hynix pleaded guilty to price-fixing in the DRAM market during the period from 1999 to 2002 and have paid substantial fines. Micron was the amnesty applicant in the DRAM price-fixing investigation.

72.     Mirroring alleged activity in the Flash Memory industry, in October, 2006, the DOJ sent subpoenas to 23 companies, including Samsung, Toshiba, Hynix, Renesas, and Micron, in connection with an investigation of cartel activity in the SRAM industry. A DOJ spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is conducting an investigation regarding anti-competitive practices against chief SRAM manufacturers." The SRAM investigation by the DOJ concerns anti-competitive conduct that was continuing at least as recently as 2005.

**H.     Unfair Business Practices and Anti-Competitive Conduct**

73.     Defendants participated in unfair business practices and anti-competitive conduct that effectuated harm on businesses and consumers and violated standards of ethical behavior through the following behavior:

       a.     Participating in industry expos, meetings, social events and conversations at trade association events and committees to discuss Flash Memory prices in the United States;

       b.     Agreeing during those meetings and conversations, to charge prices at specified levels and otherwise to increase and maintain U.S. prices of Flash Memory;

Class Action Complaint

16

c.    Issuing price announcements in accordance with the agreements reached; and

d.    Selling Flash Memory to customers in the United States at non-competitive prices.

74.    Defendants' unlawful conduct was centered in, carried out, effectuated and perfected mainly in the State of California.  On a regular basis, statements concerning the prices and market conditions for Flash Memory were disseminated by Defendants from and into California.  Therefore, all members of Class, whether or not California residents, are entitled to recover under California law, as well as the laws of their own states.

## X.    CONCEALMENT OF CONSPIRACY

75.    Defendants and their co-conspirators concealed their unlawful conduct from Plaintiff throughout and beyond the conspiracy.  Defendants and their co-conspirators conducted their conspiracy in secret and within the confines of their executives.  Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this litigation was commenced.

76.    Because of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to Plaintiff's allegations herein have been tolled.

## XI.    VIOLATIONS ALLEGED

### First Claim

### (Violation of Section 1 of the Sherman Act)

77.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth above.

78.    Although the precise dates are not known to Plaintiff, but are known to Defendants, Plaintiff alleges upon information and belief that from about January 1, 1999, and continuing through the present, Defendants and their co-conspirators entered into agreements, understandings, and a conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize Flash Memory prices in the United States.  These agreements, understandings, and the conspiracy violated Section 1 of the

Class Action Complaint

17

1  Sherman Act, 15 U.S.C. § 1.

2       79.    Defendants' and their co-conspirators' activities as alleged herein were within the flow

3  of, were intended to, and did have a major effect on the foreign and interstate commerce of the United

4  States.

5       80.    Defendants and their co-conspirators, in entering into and conducting the conspiracy,

6  committed the acts they agreed to commit, including those specifically set forth herein and additional

7  acts and conduct in furtherance of the conspiracy, with the specific goals and intent:

8             a.    Of submitting rigged bids in order to secure and carry out certain Flash Memory

9                   contracts;

10             b.    Of fixing, raising, and maintaining the price of Flash Memory;

11             c.    Of allocating amongst themselves markets for Flash Memory; and

12             d.    Of allocating amongst themselves the production of Flash Memory.

13       81.    The  effects of Defendants' and their co-conspirators acts have been, among other

14  things:

15             a.    The raising, fixing, maintenance, and stabilization of prices at artificially high

16                   and non-competitive levels for Flash Memory sold by Defendants and their co-

17                   conspirators in the United States;

18             b.    Suppression, restraint and/or elimination of price competition in the sale of

19                   Flash Memory in the Untied States; and

20             c.    The denial of the benefits of competition to consumers of Flash Memory

21                   products.

22       82.    Plaintiff and Class members have been injured and will continue to be injured in their

23  business and property by paying more for Flash Memory purchased indirectly from Defendants and

24  their co-conspirators than they would have paid and will pay in the absence of the combination and

25  conspiracy.  This includes paying more for personal computers, mobile phones and other products in

26  which Flash Memory is a component as a result of higher prices paid for Flash Memory by the

27  manufacturers of those products.

28       83.    Plaintiff and the Class are entitled to an injunction against Defendants, preventing and

Class Action Complaint

restraining the violations alleged herein.

## Second Claim

### (Violation of the California Cartwright Act)

84.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth above.

85.     The acts of Defendants in violation of federal and state antitrust laws and other laws as alleged herein were carried out, centered in, effectuated from and perfected largely within the State of California.  The conduct of Defendants in California injured all members of the Class throughout the United States.  As a result, this claim for relief under California law is brought on behalf of all Class members regardless of their residence and/or domicile.

86.     Defendants and their co-conspirators, from at least as early as January 1, 1999, and continuing through the present, entered into and engaged in a continuing conspiracy in violation of Section 16720 of the California Business and Professional Code.  Defendants and their co-conspirators acted in violation of Section 16720 to fix, raise, stabilize and maintain prices of, and allocate markets for, Flash Memory at prices in excess of what they would have been absent Defendants' and their co-conspirators' conduct as alleged herein.

87.     As alleged herein, the violations of Section 16720 of the California Business and Professions Code comprised a continuing unlawful trust and concert of action between and among the Defendants and their co-conspirators.  The substantial terms of this unlawful trust were to fix, raise, maintain and stabilize the prices of, and to allocate Flash Memory markets.

88.     Defendants and their co-conspirators, in carrying out this illicit trust and conspiracy:

        a.     Submitted rigged bids for the award and performance of certain Flash Memory contracts;

        b.     Fixed, raised, maintained, and stabilized the price of Flash Memory;

        c.     Allocated markets for Flash Memory among themselves; and

        d.     Allocated the production of Flash memory amongst themselves.

89.     As a result, Defendants' and their co-conspirators' actions caused:

        a.     The restraint of price competition in the sale of Flash Memory in the State of

Class Action Complaint

19

California and throughout the United States;

    b.    The fixing of artificially high, non-competitive prices for Flash Memory sold by Defendants and their co-conspirators in the State of California and throughout the United States; and

    c.    Plaintiff and the Class to be deprived of the benefit of free and open competition in the pricing of Flash Memory.

90.    Plaintiff and the Class members have been injured in their business and property as a direct and proximate result of Defendants' and their co-conspirators' unlawful conduct because they paid more for products containing Flash Memory than they otherwise would have paid but for Defendants' unlawful conduct.  Plaintiff and members of the Class seek treble damages and the costs of the suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business and Professions Code, as a result of Defendants' and their co-conspirators' violations of Section 16720 of the California Business and Professions Code.

## **Third Claim**

### **(Violation of the California Unfair Competition Law)**

91.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth above.

92.    The acts by Defendants in violation of federal and state antitrust laws and other laws as alleged herein were carried out, centered in, effectuated from and perfected largely within the State of California.  Defendants' conduct within California injured all members of the Class throughout the United States.  As a result, this claim for relief under California law is brought on behalf of all members of the Class, regardless of their residence and/or domicile.

93.    Defendants and their co-conspirators, beginning no later than January 1, 1999, and continuing to the present, violated Section 17200 by engaging in acts of unfair competition as alleged herein.

94.    This Claim is asserted pursuant to Sections 17203 and 17204 of the California Business and Professions Code.  Plaintiff and members of the Class seek restitution from Defendants for the acts alleged herein which violate Section 17200 of the California Business and Professions Code.

Class Action Complaint

95.    As set forth herein, the acts of Defendants and their co-conspirators are unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code, Section 17200 and include, but are not limited to, the following:

a.    Violations of Section 1 of the Sherman Act;

b.    Violations of Section 16720, *et seq.*, of the California Business and Professions Code;

c.    Other acts by Defendants and their co-conspirators as alleged herein which are otherwise unfair, unconscionable, unlawful or fraudulent within the meaning of Section 17200, California Business and Professions Code; and

96.    Plaintiff and each member of the Class are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which Defendants and their co-conspirators may have obtained as a result of such business acts or practices.

97.    Defendants' and their co-conspirators' acts as alleged herein have caused and continue to cause Plaintiff and Class members to pay higher prices for products containing Flash Memory than they would have paid but for these acts.  Plaintiff and Class members sustained injury in fact and lost money or property as a result of such unfair competition with this conduct violating §17200 of the California Business and Professions Code.

98.    Because Defendants and their co-conspirators have been unjustly enriched, Plaintiff and the Class are entitled to relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business practices, pursuant to the California Business and Professions Code, Sections 17203 and 17204.

## Fourth Claim

### (Violation of State Antitrust and Unfair Competition Law)

99.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth above.

100.    By entering into agreements in the restraint of trade, Defendants violated the following:

a.    Alabama Code §§ 8-10-1 et seq.

Class Action Complaint

b.    Arizona Revised Stat. §§ 44-1401 et seq.

c.    District of Columbia Code Ann. §§ 28-4503 et seq.

d.    Iowa Code §§ 553.1 et seq.

e.    Kansas Stat. Ann. §§ 50-101 et seq.

f.    Maine Rev. Stat. Ann. 10, §§ 1101 et seq.

g.    Michigan Com. Laws. Ann. §§ 445.773 et seq.

h.    Minnesota Stat. §§ 325D.52 et seq.

I.    Mississippi Code Ann. §§ 75-21-1 et seq.

j.    Nebraska Rev. Stat. §§ 59-801 et seq.

k.    Nevada Rev. Stat. Ann. §§ 598A et seq.

l.    New Mexico Stat. Ann. §§ 57-1-1 et seq.

m.    North Carolina Gen. Stat. §§ 75-1 et seq.

n.    North Dakota Cent. Code §§ 51-08.1-01 et seq.

o.    Pennsylvania common law.

p.    South Dakota Codified Laws Ann. §§ 37-1 et seq.

q.    Tennessee Code Ann. §§ 47-2-101 et seq.

r.    Vermont Stat. Ann. 9 §§ 2453 et seq.

s.    West Virginia §§ 47-18-1 et seq. and

t.    Wisconsin Stat. §§ 133.01 et seq.

101.    In each state listed above, Class members paid supra-competitive, artificially inflated prices for Flash Memory.  As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for Flash Memory products than they otherwise would have paid in the absence of the Defendants' unlawful conduct.

**Fifth Claim**

**(Violation of State Consumer Protection and Unfair Competition Laws)**

102.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth above.

Class Action Complaint

103.    Defendants violated state consumer protection and unfair competition statutes by their illegal conduct. Those states include:

a.      Alaska Stat. §§ 45.50.471 et seq.

b.      District of Columbia Code §§ 28-3901 et seq.

c.      Florida Stat. §§ 501.201 et seq.

d.      Hawaii Rev. Stat. §§ 480 et seq.

e.      Idaho Code §§ 48-601 et seq.

f.      Kansas Stat. §§ 50-623 et seq.

g.      Louisiana Rev. Stat. §§ 51:1402 et seq.

h.      5 Maine Rev. Stat. §§ 207 et seq.

I.      Montana Code §§ 30-14-101 et seq.

j.      Nebraska Rev. Stat. §§ 59-1601 et seq.

k.      New Mexico §§ 57-12-1 et seq.

l.      New York Gen. Bus. Law §§ 349 et seq.

m.      North Carolina Gen. Stat. §§ 75-1.1 et seq.

o.      Oregon Rev. Stat. §§ 646.605 et seq.

p.      Rhode Island Gen. Laws §§ 6-13.1-1 et seq.

q.      South Carolina Code Laws §§ 39-5-10 et seq.

r.      Utah Code §§ 13-11-1 et seq.

s.      9 Vermont §§ 2451 et seq.

t.      West Virginia Code §§ 46A-6-101 et seq.

u.      Wyoming Stat. §§ 40-12-105 et seq.

104.    Members of the Class in these states paid supra-competitive, artificially inflated prices for Flash Memory products.  Plaintiff and Class members, as a direct and proximate result of Defendants' unlawful conduct, have been injured in their business and property in that they paid more for Flash Memory products than they otherwise would have paid in the absence of Defendants' unlawful conduct.

Class Action Complaint

23

**Sixth Claim**

**(Unjust Enrichment and Disgorgement of Profits)**

105.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth above.

106.    Defendants and their co-conspirators, as a result of the conduct alleged herein, have been unjustly enriched through overpayments by Plaintiff and the other Class members and the resulting profits.

107.    Defendants should not be permitted to retain the benefits conferred by overpayments by Plaintiff and the other members of the Class.

108.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and members of the Class may seek restitution.

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.    The Court determine that class treatment pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) is appropriate for the claims alleged herein under the Sherman Act, the California Cartwright Act, the California Unfair Competition Law, the state antitrust and unfair competition laws and the common law;

B.    The Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner continuing, maintaining, or renewing the conduct, contract, trust, understanding, conspiracy, or combination alleged herein, or from entering into any other conduct, contract, trust, understanding, conspiracy, or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect;

C.    The unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

i.    A restraint of trade or commerce in violation of Section 1 of the Sherman Act;

Class Action Complaint

24

1        ii.     A violation of the California Cartwright Act;

2        iii.    A violation of the California Unfair Competition Law;

3        iv.    Violations of the state antitrust and unfair competition laws; and

4        v.     Acts of unjust enrichment.

5        D.    Plaintiff and members of the Class recover damages, as available under the law, and

6 that a judgment be entered in favor of Plaintiff and the Class jointly and severally against Defendants

7 in an amount to be trebled in accordance with applicable laws;

8        E.    Plaintiff and Class members be awarded restitution, including disgorgement of profits

9 obtained by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

10       F.    Plaintiff and Class members be awarded pre- and post- judgment interest from and after

11 the date of service of the initial complaint in this action;

12       G.    Plaintiff and Class members recover their costs of this suit, including reasonable

13 attorneys' fees as provided by law; and

14       H.    Plaintiff and Class members receive such other and further relief as the nature of the

15 case may require or as the Court deems just, equitable, and proper.

16 Dated: October 2, 2007

17

18

19 JERRY K. CIMMET
Attorney for Plaintiff

20

21 **XIII.  DEMAND FOR JURY TRIAL**

22      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

23 by jury for all issues so triable.

24 Dated: October 2, 2007

25

26

27 JERRY K. CIMMET
Attorney for Plaintiff

28

Class Action Complaint

25